## ELLIOT.

Where selectmen, at the time of issuing their warrant for a meeting for the choice of representatives, had not taken the oath required by St. 1805 c. 26, § 4, " respecting all elections and the returns thereof," but took the same on the day of election, before proceeding to open the meeting; this was held to be a sufficient compliance with the statute.

THE election of Samuel Leighton and John Hammond, members returned from the town of Elliot, was controverted by Joseph Hammond, Jr., and others,[1] for the reason stated in the following report of the committee on elections:—

" The only objection, stated in the petition against the election of the members in question, is, that the selectmen were not sworn previous to issuing their warrant for calling the town-meeting, at which the said Leighton and Hammond were chosen on the 3d day of May last. But the committee, on examination, find that the selectmen were duly sworn on the said third day of May, previously to their opening the meeting in said town, for the choice of representatives, which, in the opinion of the committee, was in due season.

Wherefore the committee ask leave to report, and do report, that the said Samuel Leighton and John Hammond, Esquires, are entitled to seats in this house."

The report was agreed to.[2]

NOTE. This report and decision give a construction to the statute of 1805, c. 26, which, if not warranted by the letter, is conformable to its spirit. This is the only statute, which requires that selectmen shall be under oath. By the 4th section, " the selectmen of the several towns, districts, &c.," are

[1] 34 J. H. 53.      [2] Same, 98.

required, "before entering on the execution of their office, to take an oath, or affirmation, before some justice of the peace, or clerk of the town, &c., faithfully to discharge the duties of their office, respecting all elections and the returns thereof."

This statute is entitled "an act in addition to the several acts regulating elections," and the oath prescribed for selectmen, it will be observed, relates exclusively to their "duties respecting elections, and the returns thereof." Taken strictly, the statute doubtless requires that they shall be sworn before they proceed to act in their office at all. But as they have many duties which they do not perform on oath, no good reason can be assigned, why they should not be able to discharge them, without first being sworn to the faithful performance of others. The house, therefore, gave this construction to the statute; that selectmen, before they enter on the execution of the duties of their office respecting elections, must be sworn.

In this case, the warrant was issued for calling the meeting, before the oath was administered to the selectmen; but a defective warrant would not be cured by the selectmen's oath of office. It stands on the town record, and, if illegal, vitiates all the proceedings of the meeting. In framing and issuing a warrant, there is no room for the partiality or corruption of selectmen to operate, and yet evade the law. For this purpose, therefore, there seems to be no more reason that they should be under oath, than that an attorney should be under oath in order to frame a writ and declaration. Far otherwise is it, when they preside at elections, judge of the qualification of electors, and make returns.